Hearing Date: TBD
Objection Deadline: TBD
Reply Deadline: TBD

Paul M. O'Connor III (poconnor@kasowitz.com)
Andrew K. Glenn (aglenn@kasowitz.com)
David J. Abrams (dabrams@kasowitz.com)
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for the TPG Moving Defendants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Chapter 15 |
| HELLAS TELECOMMUNICATIONS (LUXEMBOURG) II SCA | Case No. 12-10631 (MG) |
| Debtor in a Foreign Proceeding | |
| ANDREW LAWRENCE HOSKING and SIMON JAMES BONNEY, in their capacity as joint compulsory liquidators and duly authorized foreign representatives of HELLAS TELECOMMUNICATIONS (LUXEMBOURG) II S.C.A., | Adversary Proceeding No. 14-01848 (MG) |
| Plaintiffs, | |
| -against- | |
| TPG CAPITAL MANAGEMENT, L.P., *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF CERTAIN TPG DEFENDANTS TO DISMISS
THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................3

I.    THE COURT LACKS PERSONAL JURISDICTION OVER THE TPG
MOVING DEFENDANTS ................................................................................................. 3

    A.    Legal Standards ....................................................................................................... 3

    B.    Due Process Requirements ..................................................................................... 4

    C.    The Exercise Of Personal Jurisdiction Over The TPG Moving Defendants
Is Unreasonable ....................................................................................................... 6

CONCLUSION ................................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                      **Page(s)**

*Arial Technologies, LLC v. Aerophile S.A.*,
    No. 14 CV 4435, 2015 WL 1501115 (S.D.N.Y. Mar. 31, 2015)............................................7

*British Am. Ins. Co. Ltd. v. Fullerton (In re British Am. Ins. Co. Ltd.*),
    Bankruptcy Nos. 09-31881-EPK, 09-35888-EPK,
    2013 WL 1881712 (Bankr. S.D. Fla. Apr. 30, 2013)..........................................................6

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*,
    No. 14-CV-01568 JPO, 2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015)..................................2

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) ....................................................................................................2, 4

*Enron Corp. v. Arora (In re Enron Corp.)*,
    316 B.R. 434 (Bankr. S.D.N.Y. 2004) ................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011) ......................................................................................................4

*In re Hellas Telecommunications (Luxembourg) II SCA*,
    524 B.R. 488 (Bankr. S.D.N.Y. 2015) ................................................................................5

*Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Lux.) II SCA)*,
    535 B.R. 543 (Bankr. S.D.N.Y. 2015) ................................................................................3

*In re Libor-Based Fin. Instruments Antitrust Litig.*,
    No. 11 MDL 2262 NRB, 2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015) .................................2

*Licci v. Leb. Can. Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013) ..........................................................................................3, 4

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2009) ................................................................................................3

*Reich v. Lopez,*
    38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014) ......................................................................2, 7

*Reich v. Lopez*,
    No. 13-CV-5307 (JPO), 2015 WL 1958878 (S.D.N.Y. Apr. 30, 2015)..................................4

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,*
    119 F.3d 935 (11th Cir. 1997) ...........................................................................................5

*Sonera Holding B.V. v. Cukurova Holdings, A.S.*,
   750 F.3d 221 (2d Cir. 2014) ................................................................................................4

*In re Terrorist Attacks on September 11, 2001 (Asat Trust Reg., et al.)*,
   714 F.3d 659 (2d Cir. 2013) ................................................................................................4

*Walden v. Fiore*,
   134 S. Ct 1115 (2014) .........................................................................................................4

**Other Authorities**

Fed. R. Bankr. P. 7004(f) ................................................................................................................5

# TABLE OF DECLARATIONS

Page(s)

**Cases**

Declaration of Dick W. Boyce ................................................................................................. 7

Declaration of Kevin R. Burns ................................................................................................. 7

Declaration of Justin Chang ..................................................................................................... 7

Declaration of Jonathan Coslet ................................................................................................ 7

Declaration of Kelvin Davis .................................................................................................... 7

Declaration of Andrew J. Dechet ............................................................................................. 7

Declaration of Jamie Gates ...................................................................................................... 7

Declaration of Marshall Haines ............................................................................................... 7

Declaration of John Marren ..................................................................................................... 7

Declaration of Michael MacDougall ....................................................................................... 7

Declaration of William S. Price .............................................................................................. 7

Declaration of Thomas E. Reinhart ......................................................................................... 7

Declaration of Todd B. Sisitsky .............................................................................................. 7

Declaration of Bryan M. Taylor .............................................................................................. 7

Declaration of John Viola ........................................................................................................ 7

Declaration of Carrie A. Wheeler ............................................................................................ 7

Declaration of James B. Williams ........................................................................................... 7

The TPG Moving Defendants[1] respectfully submit this memorandum of law in support of their motion to dismiss the First Amended Complaint (the "Amended Complaint" or "Am. Compl.") for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Motion").[2] The Declarations of each of the TPG Moving Defendants are filed contemporaneously herewith in support of the Motion (collectively, the "Personal Jurisdiction Declarations").

## PRELIMINARY STATEMENT

This Motion is brought on behalf of individuals -- all former and current employees of affiliates of TPG Capital Management, L.P. -- who have no relevant jurisdictional contacts with New York, who primarily reside and work in California or Texas, who essentially had no involvement in the transactions at issue, and who are only named as defendants because of their indirect receipt of certain funds nearly a decade ago. While Bankruptcy Rule 7004(d) permits nationwide service of process, Bankruptcy Rule 7004(f) expressly requires that the exercise of personal jurisdiction under that Rule be "consistent with the Constitution and the laws of the United States."[3] Under the Due Process Clause of the Fifth Amendment to the United States

---

[1] The "TPG Moving Defendants" are William S. Price III, Dick W. Boyce, Kevin R. Burns, Justin Chang, Jonathan Coslet, Kelvin Davis, Andrew J. Dechet, Jamie Gates, Marshall Haines, John Marren, Michael MacDougall, Thomas E. Reinhart, Todd B. Sisitsky, Bryan M. Taylor, Carrie A. Wheeler, James B. Williams, and John Viola.

[2] In submitting this Motion, the TPG Moving Defendants do not consent to this Court's entry of any interlocutory or final order or judgment of any claim or issue raised by the Amended Complaint, or to this Court conducting a jury trial. The TPG Moving Defendants, by separate motion filed concurrently herewith, also join the *Memorandum in Support of Motion to Dismiss of TCW/Crescent Mezzanine III, LLC, TCW/Crescent Mezzanine Trust III, TCW/Crescent Mezzanine Partners III Netherlands, L.P., TCW/Crescent Mezzanine Partners III, L.P., and TCW Capital Investment Corp.*, filed on the date hereof in the above-captioned adversary proceeding (the "TCW Motion to Dismiss").

[3] The TPG Moving Defendants recognize that the Court has previously rejected personal jurisdiction arguments asserted by other defendants in this action, including the contention that a state-contacts test should apply pursuant to the Fourteenth Amendment to the United States Constitution. The TPG Moving Defendants do not seek to reargue issues that have already been considered and decided by the Court as to other defendants. As such, and

Constitution, it is patently unreasonable and unfair in this action, brought by foreign representatives of an entity in liquidation in the United Kingdom asserting foreign law claims, for a bankruptcy court in New York to exercise personal jurisdiction over these non-New York residents with no other connection to New York concerning a transaction that occurred entirely outside of the United States in which they had no real involvement, simply because those individuals may have indirectly received proceeds related to that transaction in 2006.

Even after the near completion of fact discovery in this case, consisting of the production of millions of pages of documents and depositions of fourteen witnesses, including all of the TPG-related witnesses sought by Plaintiffs, the Amended Complaint does not include a single substantive allegation against any of the TPG Moving Defendants other than that they indirectly received distributions of proceeds related to the December 2006 transaction at issue. None of the TPG Moving Defendants have any meaningful connection to New York that would provide a basis for general jurisdiction, nor is there any basis for specific jurisdiction here with respect to the transaction at issue in this adversary proceeding.

---

solely for the purpose of preserving and not prejudicing or in any way waiving their argument, the TPG Moving Defendants aver that the exercise of personal jurisdiction over them in this Adversary Proceeding does not comport with the Due Process requirements of the Fourteenth Amendment and that a New York contacts analysis should apply, particularly in light of the Supreme Court's limitation on the exercise of general jurisdiction in *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). *See Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-CV-01568 JPO, 2015 WL 5091170, at *3 (S.D.N.Y. Aug. 28, 2015) ("It is uncertain if New York's 'doing business' jurisdiction remains viable in light of *Daimler*."); *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 4634541, at *19 (S.D.N.Y. Aug. 4, 2015) ("In two recent decisions, *Goodyear* and *Daimler,* the Supreme Court has clarified and narrowed the bases on which a court may exercise general personal jurisdiction."); *Reich v. Lopez,* 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014) *reconsideration denied*, No. 13-CV-5307 JPO, 2015 WL 1632332 (S.D.N.Y. Apr. 13, 2015) ("the Supreme Court made clear in *Daimler* that, as a rule, it is not constitutionally permissible to sue an individual or corporation in a state where that individual is not 'at home'") (internal quotation marks and citations omitted). The TPG Moving Defendants incorporate by reference the arguments on this point previously set forth in detail by the prior moving defendants. *See Memorandum of Law in Support of Motion by Certain Apax and TPG Defendants to Dismiss the Complaint for Lack of Personal Jurisdiction*, dated May 29, 2014 [Docket No. 37]; *Reply Memorandum in Further Support of Motion by Certain Apax and TPG Defendants to Dismiss the Complaint for Lack of Personal Jurisdiction*, dated August 11, 2014 [Docket No. 91].

2

Simply stated, requiring these individuals to defend themselves in a Bankruptcy Court sitting in New York court would violate their Fifth Amendment Due Process rights. As discussed below, regardless of whether the relevant forum for assessing jurisdictional contacts is the United States or only New York pursuant to Bankruptcy Rule 7004, there is a constitutional limit to the exercise of personal jurisdiction, and the facts as to the TPG Moving Defendants present a compelling case that greatly transcend those limits. Exercising jurisdiction against individuals with insignificant connections to New York, if any, and no connection to the transaction other than the receipt of proceeds is neither reasonable nor fair under the United States Constitution.[4]

**ARGUMENT**

I. **THE COURT LACKS PERSONAL JURISDICTION OVER THE TPG MOVING DEFENDANTS**

A. **Legal Standards**

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Licci v. Leb. Can. Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (internal quotation marks omitted). A prima facie showing "entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2009) (quoting *In re Magnetic Audiotape,* 334 F.3d 204, 206 (2d Cir. 2003)).

---

[4] The Court is by now well familiar with the factual allegations in the Amended Complaint. Accordingly, the TPG Moving Defendants do not repeat the relevant factual and procedural history. A detailed discussion of Plaintiffs' allegations is recited in *Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Lux.) II SCA)*, 535 B.R. 543, 553-57 (Bankr. S.D.N.Y. 2015). The TPG Moving Defendants assume the truth of the allegations in the Amended Complaint solely for purposes of this Motion.

3

B.   **Due Process Requirements**

General, or "all-purpose" jurisdiction, permits a court to hear any and all claims against the defendant, and is authorized where the defendant's contacts "are so 'continuous and systematic' as to render [it] essentially at home" in the forum state. *Daimler*, 134 S. Ct. at 761 (alteration in original) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). For an individual, the "paradigm forum" for the existence of general jurisdiction is the individual's domicile. *Id.* at 760. "A person has exactly one domicile at all times . . . [and] the law requires physical presence in the domicile state coincident with the intent to make that state one's home . . . ." *Reich v. Lopez*, No. 13-CV-5307 (JPO), 2015 WL 1958878, at *2 (S.D.N.Y. Apr. 30, 2015).

In contrast, "[s]pecific or conduct-linked jurisdiction . . . depends on an affiliatio[n] between the forum and the underlying controversy," *Sonera Holding B.V. v. Cukurova Holdings, A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Goodyear*, 131 S. Ct. at 2851), and "exists when a [forum] exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum," *In re Terrorist Attacks on September 11, 2001 (Asat Trust Reg., et al.)*, 714 F.3d 659, 673-74 (2d Cir. 2013). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct 1115, 1122 (2014). To satisfy due process, the defendant's contacts with the forum must be sufficient to show that the defendant "purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Licci*, 732 F.3d at 170.

Here, jurisdiction is purportedly asserted pursuant to Bankruptcy Rule 7004. However, while Bankruptcy Rule 7004(d) permits nationwide service of process, Bankruptcy Rule 7004(f) expressly requires that the exercise of personal jurisdiction be "consistent with the Constitution

4

and laws of the United States." Fed. R. Bankr. P. 7004(f). That Rule has been interpreted, including by this Court, to mean that the exercise of personal jurisdiction pursuant to Bankruptcy Rule 7004(f) must comport with the Fifth Amendment to the Constitution. *See In re Hellas Telecommunications (Luxembourg) II SCA*, 524 B.R. 488, 506 (Bankr. S.D.N.Y. 2015) ("the Fifth Amendment's Due Process Clause limits a bankruptcy court's exercise of personal jurisdiction over a defendant") (quoting *Enron Corp. v. Arora (In re Enron Corp.)*, 316 B.R. 434, 444 (Bankr. S.D.N.Y. 2004) (citing cases)).

Even assuming the relevant contacts are not limited to the forum state under Bankruptcy Rule 7004(f), courts have recognized that the exercise of personal jurisdiction can nevertheless be unfair and unreasonable under the Fifth Amendment. For example, the Eleventh Circuit has held in *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946 (11th Cir. 1997): "In order to evaluate whether the Fifth Amendment requirements of fairness and reasonableness have been satisfied, courts should balance the burdens imposed on the individual defendant against the federal interest involved in the litigation." *Id.* The court there ruled that "[i]n determining whether the defendant has met his burden of establishing constitutionally significant inconvenience, courts should consider the factors used in determining fairness under the Fourteenth Amendment." *Id.*[5]

It is neither reasonable nor fair under the United States Constitution to exercise general jurisdiction over the TPG Moving Defendants in this Chapter 15 adversary proceeding, none of whom are domiciled in New York or have any jurisdictionally relevant connection to New York. The Second Circuit has never held, or even suggested, that in the context of an adversary proceeding under Chapter 15, as here, Bankruptcy Rule 7004 trumps the Due Process

---

[5] While this decision has been criticized by courts in this district, *see, e.g., Enron*, 316 B.R. at 443-49, the Second Circuit has not ruled on this issue.

5

requirements of the Constitution and confers sweeping personal jurisdiction where, as here, it plainly would not otherwise exist.[6] Indeed, here, the Plaintiffs assert foreign law claims that are not dependent on any federal statute or provision of the Bankruptcy Code which permits nationwide service of process (other than Bankruptcy Rule 7004, which is expressly restricted by the due process provisions of the Constitution), and could not be brought against the TPG Moving Defendants in New York outside of the context of a Chapter 15 proceeding.

These Constitutional concerns are particularly stark with respect to the TPG Moving Defendants, who are all non-domiciliary individuals named in a Chapter 15 adversary proceeding facing a purely foreign law claim brought by foreign liquidators of a United Kingdom company concerning a non-U.S. transaction.

### C. The Exercise Of Personal Jurisdiction Over The TPG Moving Defendants Is Unreasonable.

Even after the near-completion of fact discovery, the barebones allegations against the TPG Moving Defendants, *see* Am. Compl. ¶¶ 31, 69-85, do not demonstrate a *prima facie* case of personal jurisdiction over any of them, and indeed, demonstrate the patent *unreasonableness* of hauling these defendants into this Court. Each TPG Moving Defendant is alleged to be an individual that resides in a State other than New York -- primarily California or Texas. *Id*. No TPG Moving Defendant is alleged to have a presence in New York or to have had *any contact* with New York in connection with the claim against them in this adversary proceeding. The Personal Jurisdiction Declarations confirm these facts, and further provide that none of the TPG

---

[6] The TPG Moving Defendants are aware of only one decision, from a bankruptcy court in Florida, that stands for the proposition that Bankruptcy Rule 7004 is sufficient to confer personal jurisdiction consistent with the principles of Due Process, as here, in the context of an adversary proceeding relating to a foreign bankruptcy proceeding under Chapter 15. *See British Am. Ins. Co. Ltd. v. Fullerton (In re British Am. Ins. Co. Ltd.)*, Bankruptcy Nos. 09-31881-EPK, 09-35888-EPK, 2013 WL 1881712 (Bankr. S.D. Fla. Apr. 30, 2013). This case was decided before *Daimler* and has not been cited by any other court (other than in the Court's decision in this action on certain of the prior defendants' motion to dismiss, *see* 524 B.R. at 506).

6

Moving Defendants had any meaningful connection to the transaction at issue that would provide any nexus to New York.

Indeed, the Personal Jurisdiction Declarations further confirm that most, if not all, of the TPG Moving Defendants (i) do not own or lease any real or personal property in New York, (ii) do not maintain any bank or brokerage accounts in New York, (iii) do not pay New York resident income taxes, (iv) do not have agents, employees, offices, mailing addresses, telephone numbers or designated agents for service of process in New York, and (v) have not travelled to New York or had any communications in New York in connection with the acquisition, financing, recapitalization or sale of the Hellas entities. *See* Personal Jurisdiction Declarations ¶¶ 4-9.[7]

Although Plaintiffs have now nearly completed fact discovery, including depositions of all of the TPG-related witnesses they sought, Plaintiffs do not reference even a single excerpt from any of that testimony in the Amended Complaint as against any of the TPG Moving Defendants, and they have failed to muster any non-conclusory allegation as to the TPG Moving Defendants' knowledge of any of the pertinent facts, let alone their knowledge or involvement in the transaction at issue, other than that they received, as subsequent transferees, "distributions of . . . cash proceeds." *See, e.g.*, Am. Compl. ¶¶ 31, 69-85.

---

[7] Given these facts, jurisdiction would not exist consistent with the Fourteenth Amendment. *See Arial Technologies, LLC v. Aerophile S.A.*, No. 14 CV 4435, 2015 WL 1501115, at *7 (S.D.N.Y. Mar. 31, 2015) ("New York courts have generally focused on the following indicia of [general] jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York.") (citation omitted); *Reich*, 38 F. Supp. 3d at 457 (checking accounts and New York state resident taxes included as "key indicia" of an individual's domicile in New York that would support general jurisdiction). And the fact that certain of the TPG Moving Defendants travel periodically to New York for business does not suffice to establish general jurisdiction over those individuals. *See Reich*, 38 F. Supp. 3d at 457 (frequent trips to New York -- including nearly 200 times during a 3-year period -- suggests "some other location at which [individuals] are more aptly 'at home' (or else they would not need to travel to New York for business with such frequency")); *see also Sonera*, 750 F.3d at 225 (an individual's "engage[ment] in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum.").

7

Moreover, the sole allegation with respect to *any* of the TPG Moving Defendants is against Mr. Price, and states merely that "[u]pon information and belief, TPG Capital, through co-founders and defendants David Bonderman, James Coulter, and William S. Price III, thereafter approved TPG's participation in the December 2006 Transaction." *Id*. ¶ 154. That single allegation is belied, however, by the deposition of defendant James Coulter, in which he testified that a recapitalization such as the December 2006 transaction, "with no equity contribution, would be a board-related activity for the company [Hellas II], and *it would not require formal TPG approval*" [Docket No. 185-5 at 167:25-168:2] (emphasis added). As such, neither Mr. Price -- nor any other TPG Moving Defendant -- would have approved or been involved in that transaction, and particularly would not have done so in New York.

The burden on the TPG Moving Defendants of being hauled in the Bankruptcy Court in New York to defend their alleged receipt of funds in connection with a transaction that took place almost a decade ago far outweighs any legitimate federal interest in this Chapter 15 adversary proceeding, and exceeds the outer limit on the exercise of personal jurisdiction under the Fifth Amendment. It is simply unreasonable under the United States Constitution for the TPG Moving Defendants to be required to defend this action in New York.

8

## CONCLUSION

For all the foregoing reasons, the Court should dismiss the Amended Complaint as to each of the TPG Moving Defendants for lack of personal jurisdiction.

Dated: New York, New York
October 2, 2015

By: /s/ Paul M. O'Connor III
Paul M. O'Connor III (poconnor@kasowitz.com)
Andrew K. Glenn (aglenn@kasowitz.com)
David J. Abrams (dabrams@kasowitz.com)
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for the TPG Moving Defendants*